IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ANDOM HABTEMARIM,

        Plaintiff,

     v.

GREAT LAKE INSURANCE SE,
a foreign business corporation,

        Defendant.

Case No. 2:18-cv-01987-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

Plaintiff Andom Habtemarim brings this breach of contract action against defendant Great Lake Insurance SE, arising from an insurance policy that defendant issued plaintiff on certain semi-tractor trucks. Compl., Notice of Removal, Ex. A (Docket No. 1-1). One of those trucks, while hauling a trailer, was involved in a single-vehicle accident on I-84 in Baker County, Oregon, on April 11, 2018, while a third party was driving. *Id.* ¶¶ 6-7. Plaintiff originally

brought this action in the Circuit Court of the State of Oregon for the County of Baker on October 15, 2018, and served defendant on October 26, 2018. Notice of Removal (Docket No. 1). Defendant removed this action this Court on the basis of diversity jurisdiction on November 15, 2018. *Id.*; 28 U.S.C. §§ 1332(a)(1), 1441(a), 1446(b). On December 10, 2018, defendant filed a Stipulated Motion to Change Venue to the U.S. District Court for the Southern District of Texas, Houston Division. (Docket No. 8). "Plaintiff supports the transfer." *Id.*, at 2.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the parties have consented to transfer and to the district and division, and so transfer is proper under § 1404(a). Additionally, because plaintiff is a Texas resident, and the insurance contract was formed in Texas, this action could originally have been brought in Texas. *See* Stip. Mot. Change Venue, at 1 (Docket No. 8). Finally, the public- and private-interest factors that inform the questions of "the convenience of parties and witnesses" and "the interest of justice," *see Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), favor transfer, because, *inter alia*, the truck driver resides in Houston, Texas; the insurance broker resides in Harlingen, Texas; witnesses and evidence would primarily be located in the Southern District of Texas; and central to the dispute will be determination of coverage under the insurance policy, which was formed in Texas.[1] *See* Stip. Mot. Change Venue, at 1-2 (Docket No. 8). Transfer is thus also appropriate on those grounds.

---

[1] Private factors include the
> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the

Thus, the Court GRANTS the parties' Stipulated Motion to Change Venue (Docket No. 8), and TRANSFERS this action to the U.S. District Court for the Southern District of Texas, Houston Division.

IT IS SO ORDERED.

DATED this 13th day of December, 2018.

                                              /s/ Patricia Sullivan
                                              PATRICIA SULLIVAN
                                              United States Magistrate Judge

---

        action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quotation omitted).

Public factors include

        the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (quotation omitted).